<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4960**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

ANTONIO A. MINOR, a/k/a Whiteboy,

                Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:09-cr-00210-CMH-1)

Submitted:  October 1, 2010      Decided:  October 12, 2010

Before WILKINSON, NIEMEYER, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert L. Jenkins, Jr., BYNUM & JENKINS, PLLC, Alexandria, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Edmund P. Power, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio A. Minor pleaded guilty, without a plea agreement, to one count of conspiracy to receive, possess, conceal, barter, sell and dispose of motor vehicles that crossed a state boundary, in violation of 18 U.S.C. § 371 (2006), and one count of interstate receipt, possession and sale of a stolen motor vehicle, in violation of 18 U.S.C. § 2313 (2006). The district court calculated Minor's advisory Guidelines range under the U.S. Sentencing Guidelines Manual ("USSG") (2008) to be eighty-four to 105 months' imprisonment and imposed a sentence of eighty-four months' imprisonment. Minor timely appeals his sentence, challenging its substantive reasonableness. We affirm.

We review the district court's sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. Minor challenges the eighty-four-month prison sentence as substantively unreasonable, but concedes its procedural reasonableness.

In determining whether a sentence is substantively reasonable, we "take into account the totality of the circumstances." Gall, 552 U.S. at 51; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). This court presumes that a

2

sentence within a properly determined advisory Guidelines range is substantively reasonable. <u>See</u> <u>United States v. Abu Ali</u>, 529 F.3d 210, 261 (4th Cir. 2008).

Minor argues that his sentence is substantively unreasonable because the sentence he received was greater than those of his co-conspirators. Minor asserts that the disparate sentences ignore "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6) (2006). However, Minor's sentence differed from those of his co-conspirators because his more extensive criminal history yielded a higher Guidelines range.

We conclude that Minor has not rebutted the presumption of reasonableness that we apply to a sentence within the properly calculated Guidelines range. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3